Good morning, Your Honors. Joseph DeRuza on behalf of the Appellant Rolando Paez. In this case, the court granted my client a certificate of appealability asking whether the district court erred in determining that Paez's Section 2254 petition was filed 68 days after the AEDPA statute of limitations based on its time calculations derived without obtaining the state court record. I advance two arguments in my brief. The first, that the district court failed to or committed polisby error when it failed to make a record for this court's review. And second, that the district court erred in taking judicial notice of adjudicative facts when it reviewed the state trial court docket instead of reviewing the actual state court filings of the appellant. Now, in respect to the first argument, in 2019, it is very common for courts and judges to use hyperlinks to documents outside of a court record. It's very common and it's replete both at the Supreme Court level and in some courts of appeals and even at trial courts. However, we have a problem. This problem is known as link rot. Hyperlinks to documents outside of a court record are not static. There are times where they get broken, they change, things happen. Indeed, the DC Circuit in July of 2015 stated in a press release, quote, this circuit's opinions frequently contain citations to webpages. Unfortunately, after a period of time, some of those webpages cease to exist or become altered, making a citation inaccessible or indiscernible. Likewise, the United States Supreme Court, starting the October session of 2015, addressed this link rot problem and has now portions of court opinions that are available in hard copy with the clerk's office and are also available online. How that relates to... Excuse me for interrupting you. One thing I'm curious, I'm from Georgia where we have 159 counties with their separate systems. I understand in Florida it's 67 counties? At the county court level, I believe there's 67, but then some of the counties are merged for the circuit level. Some counties have a circuit, so the number's less. I want to say 19 circuits? My question is, how reliable are the dockets across the state? I mean, is it pretty consistent in terms of practices? I worry about maybe some dockets that we're referring to are not as reliable as others. Well, in my experience, and I'll be first to admit that I almost exclusively do federal practice now. When I was a baby lawyer and was a state public defender, I only practiced in one county, one circuit, Broward County, Fort Lauderdale, so I haven't had a whole lot of experience statewide. But what I can tell you is that, at least in my experience, the docket notations of the clerks who make them are not entirely indicative of the actual filings that are made by either the attorneys or, in particular, by pro se litigants. So to the extent that a trial judge, especially a federal trial judge, is going to rely upon a docket sheet of a state court and rely upon the docket notations without drilling down into the underlying document itself, I think we have a problem. To that end, have you checked the timeline that the magistrate judge relied on? I mean, as far as you can tell, were the dates accurate that the magistrate judge relied on? As far as I can tell, but to be perfectly honest, I really didn't drill down that much. Given that the court's COA was limited, I understand that the appellee makes much ado that I didn't claim that to the extent that there was any error, the error was prejudicial. But given the limited nature of the COA, I didn't believe that was in my purview in order to address that. I don't . . . I mean, one of the things that worries me about this is that the time defense, if it is too late, is an affirmative defense. And so what we're dealing with is where a court has basically asserted an affirmative defense on behalf of the government. What are your thoughts about that? Well, I personally believe that's problematic given that the Supreme Court is very clear that affirmative defense is a claim processing rule. It's not a threshold jurisdictional. Under Holland v. Florida, we've got equitable tolling issues in 2254s. Also, I believe it's under Schlupp v. . . I forget the other party. That Supreme Court case says we have an actual innocence exception to the one-year 2254 time bar. So we have this confluence of outs, so to speak, for a state court petitioner that would allow them to get around the one-year time bar. So when you add all these things in together, I personally find it problematic for not only trial court to raise a sua sponte, assuming that they could, but then not directing the parties themselves to drill down into it. And I would submit that the best practice would be for a federal district court to order the state to provide an appendix, which in my experience before this court on 2254s is the common practice for the state to provide an appendix full of the state court documents that then becomes part of the record. And as a result, then we don't have this problem with a deficient record for this court's review. Now, going back to my link rot problem, I don't suggest that citing two documents outside of a court is problematic. I would suggest that if a trial court wants to do that, or even if this court, granted I've looked at this court's general rules or general orders, also looked at the Fourth Circuit, and it seems to me that the D.C. Circuit is at this time the only one that has this rule following the Supreme Court. But I would submit that if a trial court wants to take a state court document like a docket and cite to it, that's fine, but it should also print it to a PDF, make it part of the district court's record, which then can all go up to this court for review. And this is especially important for purposes of dockets because dockets grow, dockets change. There are possibilities that years after the fact you might have a sealing order, you might have dockets that are placed into archives, which are then no longer available for public view. You typically see that in context of newspaper articles where they might be available for 30 days, but after a certain amount of time they're placed behind a firewall and you don't have access to them. Or you have other possibilities where the state docket might just get moved to a different part of the website so a URL that you have before it, when you click on it, it doesn't lead you anywhere. So this would prevent that, which is why I believe the Supreme Court and the D.C. Circuit found that not only providing the hyperlinks, providing the underlying documents really be the best practice, but I would submit this court should take the lead and adopt that rule. Not only, I would hope, at the circuit level, but also suggesting it at the trial level because the problem that we have in this case is not indicative just of Section 2254 cases. You can find them also in 1983 cases and a whole host of both criminal and civil cases. It's what you're saying that you want the magistrate judge in this case, he's going to rely on documents to produce them, put them in the record so that everybody knows, including your client, what's being relied on. Exactly. A very simple print to PDF and then do some type of filing that supports the trial court's or the R&R's opinion. Then we all know what he's looking at as of the date that he looked at it. What access does a prisoner have to documents? For example, they're produced, he disagrees with one or doesn't believe that's a controlling document. What access does a prisoner have to these issues? It's my understanding that the ability of a state court, of a state prisoner in the Florida Department of Corrections to access the internet is limited. I believe that limitation depends upon your security classifications. I admit that I'm not an expert on that. Going back to your point, Judge Raxler, a judge can print to PDF and then it becomes part of the record and then we all know. Then it can go to the petitioner himself where he can look at it and say something is wrong, something is not right, which is actually what happened in this case. After the R&R came out, my client filed an objection to the R&R and to the objection of the R&R contested the actual factual assertions in the R&R, which then the district court resolved, unfortunately, against my client. I would submit that when you have a trial court producing an R&R taking judicial notice of certain facts, which then my client contested, I don't believe that on a cold record a district court can resolve that. I believe that it would require additional fact-finding and potentially a hearing, especially when my client made an actual innocence claim to get around the one-year time bar. Thank you. Good morning. My name is Janine Jimeniewicz. I'm here today to represent the state of Florida, the Department of Corrections in this matter. It is, of course, our position that, first of all, this issue was waived. Second of all, the petition is quite clearly, untimely, on its face, which the magistrate judge then confirmed by going to the docket sheet and looking at them and confirming those dates set forth in the petition. Also, we would submit that there were no errors to begin with and that, if any error, it is clearly harmless because the petition is quite clearly untimely. Now, in terms of the petition being untimely on its face, if you look at the petition itself and you look at the dates that are set forth in the petition, you will see by looking at those dates that there is a gap and that gap renders this petition untimely on its face. Now, the magistrate judge went above and beyond what Rule 4 requires, which is to say that the magistrate judge went and looked online and confirmed that those were the dates that were, in fact, correct. Then, with the dates on the docket differed from what the petitioner represented in his sworn petition under the penalties of perjury, that these dates were correct. The magistrate judge then gave the defendant the benefit of the doubt and said, I'm accepting the date on which you filed that petition or, in this case, the date on which you filed your motion for post-conviction relief. I'm accepting that. Having accepted that, it's quite clear that the petitioner is untimely. Now, in terms of the adequacy of the record to support the finding, first of all, again, the petition is untimely on its face. The magistrate judge provides sufficient citations to the petition itself, but the magistrate judge then also provides citations to the documents. He makes it clear what documents he's relying on and then he provides web addresses for those documents. Just in general, your brother, in this case, has proposed this idea that there should be a PDF of the documents that the magistrate judge relied on and then everybody knows exactly, everybody's relying on the same facts. I mean, that seems like a reasonable proposition.  being the rule? Certainly. The belt and suspenders approach is always the wonderful approach where you, in addition to citing to the documents, you also provide a PDF. That would be wonderful, but the fact of the matter is that the magistrate judge did what he needed to do. There's nothing out there that says that a record has to be in a particular format. In fact, it's interesting because the state of Florida, all of the official court files are now in electronic format. They're maintained by the state courts of Florida and the ordinary courts of business. Those electronics are the official records for the state of Florida. Do you know if the records are kept fairly consistently across the 19 judicial circuits in Florida on the docket? I can say that the 19 circuits seem to be pretty consistent in terms of providing correct dates and so forth on the petitions. I'm sorry, I keep saying petitions, but I mean dockets. They do seem to be pretty consistent about providing correct dates. They seem to maintain the records well. And everyone does electronic dockets. All of these courts across Florida do electronic dockets. Yes, and that's the future. That's where we're going. That's the reason why we think that in this case there's no reason to suggest that the state courts of Florida are suddenly going to you can't have these documents anymore. That's not the case. They're going to continue to maintain that in the future. We don't think that that is a concern. Now in terms of this particular case, opposing counsel and I have both looked at the Oshawa records in addition to looking at the documents and on the particular dates that are relied on by the magistrate judge to specifically determine the issue of timeliness it's quite clear that those dates are correct. Now first of all, there are three important dates. One of them is the date of the defendant's 3850 motion when he filed that motion. But the second and third dates that are important are orders, dates on which orders were issued. Now the docketing date of the date on which an order was issued is going to be the same as the filing date. But we do concede that in terms of pro se prisoners the filing date is different from the docketing date in the sense that the filing date is the date that they turn their motion over to prison officials for mailing. But in this particular case, what the magistrate judge would rely on is the sworn representation of this particular petitioner who said that this date this document was filed on this date the magistrate judge said okay, this date is different from the docketing date however, I'm going to give you the benefit of the doubt I'm going to assume that this is the filing date pursuant to the mailbox rule in fact, that is correct I've looked at those documents I believe defense counsel has looked at those documents because he cited to it in his statement it's the same date so in this particular case, it's quite clearly untimely so regardless of whether there is error we submit there is no error but if there is error, it's quite clearly harmless Ms. Germano, what about my concern about allowing the magistrate judge to assert an affirmative defense on behalf of the government that worries me a little bit does it worry you? No, because rule 4 specifically says that if it appears from the face of the petition that it is an unharmless offense or some other procedural bar exists then they are entitled to rely on that to dismiss and rule 4 says that if it plainly appears from the petition in any attached exhibit that the petitioner is not entitled to relieve in the district court the judge must dismiss the petition and direct the clerk to notify the petitioner now, you may say well, wait a minute, that's not fair to the defendant because the defendant doesn't have a chance to say, well, judge, you're wrong but in fact, the defendant does have a chance to say, judge, you're wrong, the defendant has a chance to file an objection to the magistrate's report and he says, magistrate, this state that you relied on is wrong but he didn't do that in this case That's not exactly what I'm worried about I have been involved in cases where a petition was not timely filed but the government was willing to waive the statute of limitations defense so if you have one of these cases where the court kicks it out without the government ever knowing about it then the government's ability to waive the statute of limitations defense is gone and it is an affirmative defense Well, first of all, that's an assumption that the state would be willing to waive that defense if, in fact, we have been responding Of course, we would not have wanted to waive that defense I would point you to the case of Long which is one of the cases of opposing counsel Cider and in that case, it's interesting because the state actually conceded in that case that the petition was timely but then the district court, I believe was looking at it and the district court said hey, this calculation doesn't seem correct and so after looking at it the district court ultimately finds out the petition is untimely in that case and that was affirmed and so it's exactly the same type of situation where the district court is quite clearly able to do that regardless of whether the state responds or not either before or after the state has filed a response, the district court still has the option of saying, look, this petition is untimely it's procedurally filed, I'm going to dismiss it and dismiss it in spite of the state's waiver in Long so it's possible Can I interrupt you just a second to ask you a question? My understanding in this case is that the magistrate judge took it upon himself or herself to raise the defense, to go and research the record gather the records and then make a determination My question would be, let's suppose we said this is okay, could a magistrate then direct the government to raise the defense and tell the government, I'm ordering you to raise this defense, I'm ordering you to go get all the records and report back to me whether or not there's been a violation of the statute of limitations Could a magistrate judge do that? I think that the magistrate judge has the ability to issue an order to the state to address the issue of the statute of limitations, yes, they do have the ability It could order the government to raise the defense It could order the government to raise the defense and to do the research and report it to the court The magistrate judge certainly can order the government to respond on the statute of limitations That's not a problem The district court judge can still say I'm not accepting the state's waiver of the statute of limitations for example as in Long, but the magistrate judge and the district court judge also don't even need to ask the state to respond at all under Rule 4, the Rule of Governing Section 2254 cases and also Section 2243 which says that if it appears from the application that the applicant or person is not entitled to further review then they can dismiss I hope that answers your question I could easily see a situation where a magistrate judge faced with an overwhelming caseload doesn't have the time to do all this but wants it checked and so he tells the government you do the work I'm telling you to do the work and then suppose the government says I don't want to raise this defense It's an affirmative defense for whatever reason I don't want to raise it Then you get into a big problem because you've got the magistrate wanting to do it and suppose the government doesn't want to, it's an affirmative defense and then you get in a big brouhaha over who's got to go do this if anybody Well no, again in the normal course of events the magistrate judge or the district state to respond and say why the habeas corpus should not be granted it's usually a generic order not necessarily directed to the statute of limitations and then the state comes back and they file a response and generally speaking they'll address the statute of limitations in that response but again I keep going back to long because in that case the state actually waived the statute of limitations defense and the district court came back and said no, I think that your calculations are wrong and therefore I'm going to not accept your waiver and I'm going to dismiss this petition as untimely that's exactly what happened in long so regardless of the situation that you're describing I don't think it's a problem because the district court, the magistrate judge can both choose to disregard any waiver from the state on that defense I'm not saying the magistrate judge can tell the state to for example, I want you to tell me that this petition is untimely I don't think they can tell them to do that I think they can say, well I'd like you to discuss the issue of untimeliness is this petition untimely or is it not in the sense that the magistrate judge is not acting as an advocate for the state if that's what you're concerned about but the rules themselves specifically say that it's independent of what happens with the state, independent of if they even issue an order or an order to the state to respond, independent of that they can independently determine whether the petition is untimely or procedurally barred in some other way I think I understand your answer Okay I see that I'm running out of time are there any other questions that you might want me to address before I Okay, you've talked me into it another thing that worries me is how a magistrate judge or a district judge for that matter looking at a cold docket how are they going to know about things like the mailbox rule they're not going to be able to tell from the docket when the prisoner gave the filing to prison authorities for mailing and sometimes these calculations come down to just a couple of days so that seems like a problem to me as well does it to you? Yes, admittedly that might be a concern in another case this is not that case the defendant made a sworn representation that his motion for post-conviction relief was filed on X day so the magistrate judge was entitled to rely on the defendant's sworn representation and the magistrate judge noted that it differed from the docket date and he said I'm giving you the benefit of the doubt I'm accepting that that's when he filed it and so in this particular case there was no issue okay, thank you I'm picking back up on Judge Traxler's last thread I believe that it is problematic for the court to direct in essence to raise an affirmative defense I believe that one that intrudes upon the litigants prerogative but in a section 2254 case I believe that also intrudes upon the sovereign's prerogative which I find to be particularly troubling now I would like to draw the distinction between 2254 and other types of statutes for example tax statutes 2254 and the habeas provisions these are not jurisdictional statutes unlike tax statutes that are jurisdictional I can understand why a district court or a magistrate might ask for a litigant to brief an issue of statute of limitations on a tax matter because that's a jurisdictional threshold consideration that a district court would have to consider but those considerations don't come into play here so in this context I don't believe it's appropriate for a magistrate judge to raise to respond an affirmative defense nor would I believe it would be appropriate for the magistrate judge to tell the state of Florida or any other sovereign within our constitutional design to raise an affirmative defense because for example the state of Florida might determine they don't want to raise a very difficult calculation they just might have a very good argument that it's not a reasonable application of established Supreme Court law and the path of least resistance for the state might be let me get a merits based determination and not have to go down this rabbit hole of a procedural so I think answering your question Judge Traxler I think that's problematic Why doesn't Day answer that question though? Why doesn't Day say courts can do it on their own initiative? I don't know my initial reaction is perhaps Day might have been before the sea change in jurisdictional versus claims processing rules and I want to say Day might have been before Holland v. Florida so I think that perhaps to the extent there is some tension that issue would have to be worked out but to be perfectly I don't work that out through my head but going back to the Rule 4 issue that my that my colleague brought up I understand why you have on the face of petition that Rule 4 allows a court to effectively dismiss a petition if it's apparent on its face that it lacks merit or there's some procedural obstacle I just don't see though how Rule 4 could ever apply to a claim of actual innocence. I think a claim of actual innocence I don't know how that can just be dismissed on its face especially in the context of a pro se litigant. Now going back to a threat you had Judge Martin I'm not aware of because I don't practice in Alabama or Georgia but I would think that this court would also have to take into consideration those throughout those other states but as for Florida goes this court also needs to take into consideration the intermediate courts of appeal, the district courts of appeal it's my experience that the the dockets do not have hyperlinks or availability to view the the filings so for example the 3rd DCA here in Miami you can go on to the docket you can see the docket entries and what they are but you are unable to click on the actual document itself and actually view it so again this leads back to the problem we have where you have a docket sheet and we have a docket sheet that has hyperlinks I can understand where the concerns are somewhat minimized but we have a docket sheet by itself and you don't actually get to view or drill down into the actual underlying court filing I find that to be highly problematic and I would hope that court or this court would give that consideration as well so in all I would submit that this court should take the lead similar to what the DC Circuit and what the Supreme Court has done and just have a very simple rule and I understand that to date nothing has actually been said by this court as to what the record needs to be and what particular format but I would urge this court to say that going forward that to the extent that a trial court is going to rely upon another court's docket sheet or document that it printed PDF and included as part of the record so that we don't have to have these types of arguments and problems especially which are indicative in 2254 cases so that being said I ask the court to reverse and remand with instructions for further factual development below. Thank you very much. Thank you. Thank you.